IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JERSON SALAS MINCHOLA | : | CIVIL ACTION |
| v. | : | No. 26-4147 |
| J.L. JAMISON et al. | : | |

**MEMORANDUM**

**Judge Juan R. Sánchez**                                                              **July 2, 2026**

Petitioner Jerson Salas Minchola has filed a petition for writ of habeas corpus pursuant to

28 U.S.C. § 2241, challenging his detention by the Department of Homeland Security (DHS).

Salas Minchola argues his mandatory detention without a bond hearing under 8 U.S.C. § 1225(b)

is illegal.  The Court agrees Salas Minchola is no longer subject to mandatory detention under

§ 1225(b)(1)(B)(ii), the provision the Government invokes to justify the detention.  Rather, Salas

Minchola may be detained only under 8 U.S.C. § 1226(a) with the opportunity for a bond hearing.

The Court will therefore grant the petition.

**BACKGROUND**

On October 25, 2024, Petitioner Jerson Salas Minchola, a 38-year-old Peruvian citizen,

entered the United States at the southern border.  Pet. ¶¶ 1, 17, Dkt. No. 1; Resp'ts' Ex. D, Dkt.

No. 6.  DHS placed Salas Minchola in expedited removal proceedings under 8 U.S.C. § 1225(b)(1)

as an immigrant not in possession of a valid entry document under 8 U.S.C. § 1182(a)(7)(A)(i)(I).

Resp'ts' Ex. A, Dkt. No. 5-1.  Because Salas Minchola expressed fear of returning to his home

country, he was referred for an interview with an asylum officer who found Salas Minchola had a

credible fear of persecution.  Resp'ts' Ex. C, Dkt. No. 5-3.  Salas Minchola was thereafter placed

in standard removal proceedings under 8 U.S.C. § 1229a.  *Id.*; Resp'ts' Opp'n 5, Dkt. No. 5.  On

November 11, 2024, DHS issued a Notice to Appear, directing Salas Minchola to appear "[i]n

removal proceedings under section 240 of the Immigration and Nationality Act [INA]," 8 U.S.C. § 1229a, on December 10, 2024.  Resp'ts' Ex. C.  The Notice charged that he was subject to removal under 8 U.S.C. § 1182(a)(7)(A)(i)(I) as an immigrant not in possession of a valid entry document.  *Id.*  It also added a charge that Salas Minchola was subject to removal under § 1182(a)(6)(A)(i) as "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General."  *Id.*

On November 21, 2024, Immigration and Customs Enforcement (ICE) issued an "Interim Notice Authorizing Parole," notifying Salas Minchola he was being paroled from ICE custody under 8 U.S.C. § 1182(d)(5)(A).  Resp'ts' Ex. B, Dkt. No. 5-2.  The Notice stated Salas Minchola's parole authorization was "valid for one year beginning from the date on this notice" and would "automatically terminate upon your departure or removal from the United States or at the end of the one-year period unless ICE provides you with an extension at its discretion."  *Id.*  Following his release, Salas Minchola has lived and worked in Easton, Pennsylvania.  Pet. ¶¶ 19-21.  His next immigration hearing is scheduled for November 9, 2026.  *Id.* ¶ 20.  Although Salas Minchola's parole terminated automatically on November 21, 2025, ICE took no steps to re-detain him at that time.  Resp'ts' Ex. D, Dkt. No. 6.

On June 12, 2026, as Salas Minchola was reporting to the Philadelphia ICE Field Office for a scheduled report date, officers from ICE and Removal Operations Philadelphia (ERO-PHI) took Salas Minchola into custody and detained him.  Resp'ts' Ex. D.  During the encounter, Salas Minchola was apparently served with a Form I-200, Warrant for Arrest of Alien, though the Form is not in the record.  *Id.* at 3.  Salas Minchola is currently detained at the Federal Detention Center in Philadelphia.  Pet. ¶ 22.

Salas Minchola filed the instant § 2241 habeas petition on June 15, 2026.  He argues his detention without a bond hearing under 8 U.S.C. § 1225(b) violates the INA, the Due Process Clause of the Fifth Amendment, and the Administrative Procedure Act.  The Government responded to the petition on June 18, 2026, and Salas Minchola filed a reply on June 25, 2026.

**DISCUSSION**

Under 28 U.S.C. § 2241, a district court may grant habeas relief to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  Habeas jurisdiction under § 2241 extends to challenges to immigration-related detention.  *See Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001).

Salas Minchola argues his mandatory detention under 8 U.S.C. § 1225(b) violates the INA because, having been placed in standard removal proceedings under § 1229a, he is subject to detention only under a different statutory provision—8 U.S.C. § 1226(a)—after an individualized bond hearing, which he has not been provided.  In his habeas petition, Salas Minchola assumed the Government was detaining him pursuant to § 1225(b)(2)(A), but the Government has since disclaimed reliance on that provision.  Rather, the Government maintains Salas Minchola is subject to mandatory detention under § 1225(b)(1) because he was initially processed for expedited removal and was thus required to be detained pending resolution of his asylum application.  Although Salas Minchola was granted parole, the Government contends that because his parole automatically terminated, he is properly returned to his detention status at the time parole was authorized.  As the Government acknowledges, its argument has been rejected by most judges in this district who have considered it.  *See* Resp'ts' Opp'n 1 n.1.  Because this Court agrees with the numerous decisions rejecting the Government's position, the petition will be granted.

The Government argues Salas Minchola's current detention is authorized by § 1225(b)(1)(B)(ii) because he was properly processed for expedited removal after entering the United States and is therefore subject to mandatory detention under § 1225(b)(1)(B)(ii) pending adjudication of his asylum application.  In the Government's view, Salas Minchola's release on parole does not preclude his re-detention under § 1225(b)(1)(B)(ii) because upon termination of his parole, Salas Minchola is "returned to the custody from which he was paroled" and thus remains subject to the same detention authority used to justify his original detention— § 1225(b)(1)—until his claim for asylum is fully adjudicated.  Resp'ts' Opp'n 10-13.

Salas Minchola maintains that having been found to have a credible fear of persecution and placed in standard removal proceedings under 8 U.S.C. § 1229a, he is no longer in the expedited removal process and is therefore not subject to mandatory detention under § 1225(b)(1)(B)(ii). Rather, as an individual already in the country pending the outcome of § 1229a removal proceedings, he is subject to detention only under § 1226(a).

As the Government acknowledges, the courts in this district that have considered the issue, including this Court, have held that noncitizens similarly situated to Salas Minchola—i.e., those initially processed for expedited removal who are placed in standard removal proceedings after establishing a credible fear of persecution and paroled under § 1182(d)(5)(A)—are not subject to mandatory detention under § 1225(b)(1)(B)(ii) upon expiration of parole.  *See Imamov v. Jamison*, No. CV 26-2204, 2026 WL 1164682, at *5-7 (E.D. Pa. Apr. 29, 2026) ("Imamov is [] not subject to expedited removal and mandatory detention . . . . [He] is unlawfully present because his parole has expired and he has been living in the country without parole for a period of time[. As a result,] his detention must be dealt with in the same manner as any other noncitizen already present in the United States . . . ." (internal quotation marks and citation omitted)); *see, e.g.*, *Cabreja Bueno v.*

4

*O'Neill*, No. 26-304, 2026 WL 413315, at *4-6 (E.D. Pa. Feb. 13, 2026); *Vasquez-Rosario v. Noem*, No. 25-7427, 2026 WL 196505, at *7 (E.D. Pa. Jan. 26, 2026); *see also Gagiev v. Rose*, No. 26-169, 2026 WL 657739, at *9-12 (E.D. Pa. Mar. 9, 2026); *Zavala Ulloa v. Jamison*, No. 26-813 (E.D. Pa. Feb. 20, 2026), Dkt. No. 9.  Consistent with these decisions, this Court concludes Salas Minchola is not subject to mandatory detention under § 1225(b)(1)(B)(ii) because he is no longer subject to expedited removal.[1]

**CONCLUSION**

Because Salas Minchola's detention without a bond hearing pursuant to 8 U.S.C. § 1225(b)(1)(B)(ii) is unlawful, he is entitled to habeas relief.  The Court will therefore grant Salas Minchola's habeas petition and order his immediate release from detention as set forth in the accompanying order.

An appropriate order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

[1]     These issues are addressed at length in the decisions cited above and many others.  This Court agrees with these decisions and adopts their analysis and incorporates them here.